UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

HOWARD A. PETERS III,            )
R. BEVERLY PETERS,               )
                                 )
    Plaintiffs,              )
                                 )   Case No:
vs.                              )
                                 )
CHEVAL GOLF AND ATHLETIC         )
CLUB, LLC a Florida Limited Liability )
Company,                         )
                                 )
    Defendant.               )

# COMPLAINT

NOW COMES the Plaintiffs Howard A. Peters III and R. Beverly Peters, by and through the undersigned counsel, and hereby brings this cause of action against Defendant, Cheval Golf and Athletic Club, LLC. and alleges as follows:

1. Plaintiffs are adult persons who own a private domicile in Hillsborough County, Florida.

2. At all relevant times, the Plaintiffs have been residents of Cheval and members of the Cheval Golf and Athletic Club, LLC ("the Club").

3. Defendant, is a Florida Limited Liability Company with its principal place of business located at 4312 Cheval Boulevard, Lutz, Florida 33558.

4. Pursuant to 28 U.S.C. sec. 1331, 28 U.S.C. sec. 1367, and 29 U.S.C. sec. 216(b).

5. Venue of this action properly lies in the Court pursuant to 28 U.S.C. sec. 1391.

## FACTUAL BACKGROUND

6. Plaintiffs are African American.

7. The Plaintiffs are protected by Title II of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000.

8. The Club presently owns and operates a golf club and an athletic club located in Cheval.

9. The Club's facilities include a gold course, fitness center, tennis courts, swimming pool, bar, locker rooms, restaurants, private dining rooms, driving range, outdoor basketball courts, players' lounge, golf pro shop, and other amenities.

10. In 2011, the Club was purchased by a Larry King, Jr.

11. In 2012, the Club, once a private club, became a semi-private property allowing for both membership privileges and public use.

12. Indeed, the Cheval Athletic Club opens itself to the public and does not have selective membership practices.

13. Plaintiffs moved to Cheval in 2014.

14. On or about January 11, 2019, the Plaintiffs purchased a membership at the Club. Specifically, on or about January 11, 2019, Plaintiff R. Beverly Peters purchased a prepaid family membership at the Club. In doing so, Plaintiff pre-paid the Club's annual membership in order to have access to an ungraded suite of privileges and amenities.

15. Also, on or about January 11, 2019, Plaintiffs remitted membership dues at the Club for the full-year 2019.

16. Having remitted payment, Plaintiffs membership was valid until the end of 2019.

17. As a Family membership, Plaintiffs privileges at the Club extended to Plaintiff's family members residing at Plaintiffs' property in Cheval. There was one such family member residing at that Property (the "Family Guest").

18. During the term of Plaintiff's membership at the Club, Plaintiff's and Family Guest complied at all times with the written rules of membership and utilized all membership amenities and facilities in a manner consistent with their intended use.

19. Since joining the Club, Plaintiffs, including the Family Guest have been discriminated against on the bias of race.

20. On or about May 28, 2019, the Family Guest was contacted by the Club's General Manager, Christy Lowe (the "General Manager"), and explicitly targeted for allegedly failing to wipe down an elliptical machine in the fitness center after use.

21. This allegation was untrue, and the Family Guest offered evidence to prove that he in fact was wiping down the equipment he used in compliance with the Club's rules.

22. The General Manager declined the Family Guest's offer to view evidence.

23. The General Manager subsequently demanded that the Family Guest also clean the floor in the vicinity of the fitness equipment of the fitness center after using the equipment.

24. Prior to this demand, there had been no written rule or policy requiring members of the Club to clean the floor of any of the Club's facilities.

25. At all times relevant to this complaint, no written rule or policy requiring members of the Club to clean the floor of any of the Club's facilities was ever posted or generally promulgated to members.

26. General Manager made this demand of the Family Guest despite not making any such demand on other members who used the fitness center or other Club facilities.

27. Further, Plaintiffs are aware of other members of the fitness center who have deviated from rules and policies of the Club by failing to wipe down equipment after use.

28. On November 5, 2019, the Family Guest was informed by the General Manager that the Plaintiffs' membership was being terminated.

29. The General Manager's stated reason for the membership termination was that exercise equipment was left in an unclean condition after the completion of workouts.

30. The General Manager's stated reason was factually untrue, as the Family Guest always left all exercise equipment and other Club facilities in good condition after use.

31. The General Manager's termination of the Plaintiff's membership was done in the absence of any action on the part of Plaintiffs, and without notice of any kind to Plaintiffs.

32. The Clubs reasoning for terminating Plaintiffs' membership is pretextual and intended to reduce Plaintiffs' presence in the Cheval community and interfere with Plaintiffs' ability to participate in community events.

33. By information and belief, the Cheval community and the Club's membership are primarily Caucasian.

34. The Plaintiffs were targeted for disparate treatment on the basis of their race.

35. Upon information and belief, Plaintiffs are one of a few African American families that live in Cheval.

36. Upon information and belief, Plaintiffs are one of a few African American families to have membership to the Club.

37. In terminating Plaintiffs' Club membership the General Manager also terminated Plaintiffs' membership privileges at all Club facilities, including those outside the proximity of the fitness center such as the golf course, driving range, tennis courts, swimming pool, basketball court, locker rooms, golf carts, players' lounge, restaurants, and other common areas.

38. In addition to terminating Plaintiffs' membership, the Club has prohibited Plaintiffs from entering upon Club property to access accommodations that are open to the general public. These accommodations include the golf course, restaurants, bars, and other facilities, as well as events hosted by the Cheval association of homeowners.

39. The untruthful allegations made by the Club, and the Club's termination of the Plaintiffs' membership, are intended to harass and, embarrass Plaintiffs' and tarnish Plaintiffs' reputation in the Cheval community.

40. As a result of the Club's unlawful acts, Plaintiffs have been forced to retain the undersigned counsel to bring this action.

41. Any and all conditions precedent to bringing the claims herein, if any, were satisfied or waived.

## COUNT I
## Violation of Civil Rights Act of 1964, 42 U.S.C. 2000

36. Plaintiffs incorporate by reference, and as if fully restated herein, the allegations contained in Paragraphs 1-41 of this Complaint.

37. This is an action for the violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000(a).

38. The Club provides entertainment services and is, thus, a Place of Exhibit and/or Entertainment as defined by 42 U.S.C. sec 2000(a).

39. The Club is not a Private Establishment as defined by 42 U.S.C. sec. 2000(a) because it opens itself to the public and does not have selective membership practices.

40. The Club has withheld and deprived Plaintiffs of privileges secured by 42 U.S.C. sec. 2000(a).

41. The Cheval Athletic Club has further discriminated against Plaintiffs on the basis of race, as prohibited by 42 U.S.C. sec. 2000(a-1).

42. As a result of the Club's conduct, Plaintiff's have been damaged.

WHEREFORE, Plaintiffs request that this Court:

1. Enter judgment in their favor;

2. Award Plaintiff's their attorneys' fees, costs, and related expenses, as provided by 42 U.S.C. sec. 2000(a-3).

3. Award Plaintiffs, to the extent available, punitive and special damages.

4. Enter injunctive relief against the Club, preventing them the Club from further violating 42 U.S.C sec. 2000(a-3).

5. Grant such other and further relief, including equitable relief, as this Court deems just and proper.

## COUNT II
### Breach of Contract

43. Plaintiffs incorporate by refence, and as if fully restated herein, the allegations contained in Paragraphs 1-41 of this Complaint.

44. This is a cause of action for breach of contract.

45. A valid and enforceable contract exists between Plaintiffs and the Club. [A copy of the Agreement is in the custody and control of the Defendant.]

46. To the extent Plaintiffs have any obligations under the Agreement, all such obligations have been fully performed to date.

47. As detailed above, the Club knowingly, intentionally materially breached the Agreement by unilaterally terminating the Agreement with the Plaintiffs.

48. As a direct and legal consequence of this breach, Plaintiff have been damaged.

WHEREFORE, Plaintiffs respectfully request the following:

1. Enter judgment in their favor;

2. Award Plaintiffs the full amount of damages for such breaches, plus pre-judgment and post-judgment interest.

3. Award Plaintiffs, to the extent available, punitive and special damages; and

4. Grant any other relief, including equitable relief, the Court deems just and proper.

## Count III
## Intentional Infliction of Emotional Distress

49. Plaintiffs incorporate by reference, and as if fully restated herein, the allegations contained in Paragraphs 1-41 of this Complaint.

50. The Club engaged in deliberate and/or reckless infliction of mental suffering to Plaintiffs and their son Halton Peters by excluding them from the Club.

51. The Club's conduct was outrageous because it was motivated by racial reasons.

52. The Plaintiffs have suffered emotional distress as a result of the Club's conduct.

53. The distress suffered by the Plaintiffs and the Family Guest is severe.

WHEREFORE, Plaintiffs respectfully requests the following:

1. Enter judgment in the Plaintiffs favor;

2. Award the full amount of damages for such breaches, plus pre-judgment and post judgment interest.

3. Award, to the extent available, special and punitive damages against the Club; and

4. Grant any other relief, including equitable relief, this Court deems just and proper.

## DEMAND FOR JURY TRAIL

Plaintiffs demand a jury trial for all issues so triable.

**Dated:** September 3, 2020

*Respectfully submitted,*

*/s/ William J. Cantrell*
**WILLIAM J. CANTRELL**
Florida Bar No. 1013254
Primary email: wcantrell@czeblaw.com
DORRELLA L. GALLAWAY
Florida Bar No. 063892
Primary email: dgallaway@czeblaw.com
Secondary email: lcaulder@zczeblaw.com
CANTRELL ZWETSCH, P.A.
401 East Jackson Street, Suite 2340
Tampa, Florida 33602
Telephone: 813.867.0115
Facsimile: 813.867.0116

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been filed with the Florida Courts E-Portal filing system which serves electronic notification to all counsel of record.

*/s/ William J. Cantrell*