UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOWARD A. PETERS, III, and
R. BEVERLY PETERS,

    Plaintiffs,

v.                                          Case No: 8:20-cv-2080-KKM-AAS

CHEVAL GOLF AND ATHLETIC
CLUB, LLC, and LKJ MANAGEMENT
SERVICES, LLC,

    Defendants.
_____

## ORDER

On November 5, 2019, Cheval Golf and Athletic Club, LLC, cancelled R. Beverly and Halton Peters' membership. Beverly's husband and Halton's father, Howard A. Peters, III, along with Beverly, sued Cheval, bringing claims of racial discrimination in violation of Title II of the Civil Rights Act, breach of contract, and intentional infliction of emotional distress (IIED). Cheval now moves for summary judgment against the Peters on the first and third claims and moves for summary judgment against Howard Peters on the second claim. The Court construes Cheval's Motion for Summary Judgment on the Peters' Title II claim as a motion to dismiss based on failure to meet all conditions precedent and grants it.

The Peters recently sought and were granted leave to amend their complaint to add the same claims against LKJ Management Services, LLC, a subsequent owner of Cheval. (Doc. 65.) Although dismissal of the Title II claim against LKJ appears warranted for the same reasons the Court grants dismissal for Cheval on the Title II claim, the Court allows LKJ and the Peters an opportunity to brief the issue and develop any additional record related to satisfying the presuit notice requirement.

I. BACKGROUND

Cheval is a semi-private golf and athletic club, which offers several membership packages. (Doc. 74-4 at 35–37.) One of those packages, the golf family membership, gives golf and fitness center access to a household, covering two adults and minor children. (*Id.* at 37.)

In January 2019, the Peters' son, Halton, received an exception from the family membership's limitation despite no longer being a minor. Cheval granted him a family membership for just his mother and him. (*Id.* at 37.) The application for membership listed Beverly Peters as the primary member and Halton Peters as the secondary member. (Doc. 74-9 at 33.) Howard Peters does not appear on the application. (*Id.*)

In November 2019, Cheval terminated the Peters' membership and refunded the remaining portion of their 2019 membership fee. (*Id.* at 25.) Cheval explained that it

expected its members to "clean up after themselves" and its members experienced poor gym conditions when Halton finished exercising, thus precipitating its decision. (*Id.*)

On September 3, 2020, Howard and Beverly filed this action against Cheval. (Doc. 1.) The Peters alleged that "[a]ny and all conditions precedent to bringing the[ir] claims . . . were satisfied or waived." (Doc. 1 at 5.) The Peters claimed that Cheval discriminated against them based on race and sought damages and an injunction under Title II of the Civil Rights Act of 1964. (Doc. 1 at 5–6.) They also claimed that Cheval breached its contract with the Peters by "unilaterally terminating the Agreement." (*Id.* at 6.) And they claimed that Cheval intentionally inflicted emotional distress on Halton and the Peters. (*Id.* at 7.) Cheval answered on November 6, 2020, summarily denying that the conditions precedent to the Peters' claims were satisfied or waived. (Doc. 19 at 5.) On September 13 and 14, 2021, the Peters notified the Florida Commission on Human Relations of Cheval's alleged discrimination. (Docs. 78-4; 78-3.)

On September 24, 2021, the Court granted the Peters' motion to file an amended complaint to add LKJ, the present owner of Cheval, as a defendant. (Doc. 64.) The Peters filed an Amended Complaint on September 30, 2021, and Cheval and LKJ filed a joint answer to the Amended Complaint on December 30, 2021. (Docs. 65, 79.) In the answer, LKJ specifically raised as an affirmative defense that the Peters failed to satisfy "all notice requirements." (Doc. 79 at 9.)

3

Cheval now moves for summary judgment on the first and third counts, and partial summary judgment on the second. (Doc. 75.)

## II. LEGAL STANDARD

Summary judgment is appropriate if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed R. Civ. P. 56(a). A fact is material if it might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Courts must treat motions for summary judgment premised on a plaintiff's failure to exhaust as a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008) (quotation omitted); *see also Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 424 (11th Cir. 2010) (per curiam) (extending *Bryant* to Title VII cases). "When a court 'treats [a] motion as having been brought under Rule 12(b), then it is subject to the rules and practices applicable to the most analogous Rule 12(b) motion.'" *Bryant*, 530 F.3d at 1376 (quotation omitted). A motion for summary judgment for lack of exhaustion is most comparable to a motion to dismiss for lack of jurisdiction, proper venue, or adequate service. *See id.*

A Rule 12(b)(1) motion may either be a "facial" or "factual" attack on a court's jurisdiction to hear the case. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990); *see also Hakki v. Sec'y, Dep't of Veterans Affs.*, 7 F.4th 1012, 1022–23 (11th Cir. 2021) (contrasting facial and factual attacks on jurisdiction). A facial attack requires the

4

Court look only to the pleadings to determine if the plaintiff has "sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence*, 919 F.2d at 1529 (quotation omitted). A factual attack "challenge[s] 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (quotation omitted). A factual attack authorizes a court to "proceed as it never could under 12(b)(6)" or Rule 56 because "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and "no presumptive truthfulness attaches to the plaintiff's allegations." *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981)). If a court finds it lacks jurisdiction, it is "without power to enter judgment . . . and must dismiss the case." *Hakki*, 7 F.4th at 1023.

### III. ANALYSIS

Cheval moves for summary judgment on the Title II claim based on the Peters' failure to notify the appropriate state authority before bringing suit as required under 42 U.S.C. § 2000a-3. The Peters fail to rebut any of Cheval's precondition-to-suit arguments, and the Court dismisses the Title II claim against Cheval. Cheval also moves for partial summary judgment on the Peters' state claims, which the Court does not address in this order. Instead, the Court directs the parties to file supplemental briefing as to why it should

not likewise dismiss the Title II claim against LKJ, as the facts necessary to decide if the Peters satisfied § 2000a-3(c) as to LKJ are undisputed.

### A. Cheval's Motion for Summary Judgment

Cheval argues that it is entitled to summary judgment because the Peters failed to exhaust their administrative remedies by not notifying the appropriate state authority before bringing a Title II suit under § 2000a-3. (Doc. 75 at 5–9.) The Peters respond that Cheval waived that affirmative defense, that summary judgment is inappropriate for a failure to notify state authorities under § 2000a-3(c), and that they cured their failure to exhaust. (Doc. 78 at 1–10.) But Cheval did not waive the exhaustion defense and the Peters cannot cure their exhaustion failure after initiating the lawsuit. Instead, the Court treats this Motion as a motion to dismiss for failure to exhaust and grants it.

### i. The Peters Failed to Satisfy the Requirements of § 2000a-3(c).

Under § 2000a-3(c), "no civil action may be brought under subsection (a) before the expiration of thirty days after" the plaintiff notifies "the appropriate State or local authority" of the defendant's actions which allegedly violated §§ 2000a, 2000a-1, or 2000a-2. Here, the Peters seek an injunction under subsection (a) and the alleged violations took place in Florida, so the Peters were required by § 2000a-3(c) to notify the appropriate Florida authority before bringing this action. The Peters contend that Cheval denied them access to a place of public accommodation based on their race, allegations which "the Florida Commission on Human Relations is charged with investigating" under the Florida Civil

6

Rights Act. *Strober v. Payless Rental Car*, 701 F. App'x 911, 913 n.3 (11th Cir. 2017) (per curiam). Thus § 2000a-3(c) required the Peters to notify the Florida Commission on Human Relations thirty days before bringing a lawsuit under § 2000a-3(a).

Cheval contends, and the Peters do not dispute, that the Peters never notified the Florida Commission that Cheval allegedly engaged in actions prohibited by § 2000a before commencing this action. The Peters's attorney mailed the Commission a notice of the Peters' claim only on September 14, 2021, after litigating this action for over a year. (Docs. 78-1–78-6.) The Peters implicitly concede that they did not provide notice to the Commission before bringing this action when they argue that they "cured the defect that would have warranted the entry of a stay or a dismissal of the claim without prejudice." (Doc. 78 at 7.) Therefore, § 2000a-3(c) applies and the Peters failed to satisfy its requirements.

### ii. The Peters Cannot Excuse their Failure to Exhaust.

Despite conceding that they did not timely notify the Florida Commission, the Peters argue that the Court should not grant summary judgment against their § 2000a-3(c) claim. Their arguments against dismissal fail.

The Peters first argue that the exhaustion requirement in § 2000a-3(c) is not a basis for summary judgment. (Doc. 78 at 2–4.) The Peters emphasize that the notification requirement in § 2000a-3(c) is not jurisdictional and that the failure of a plaintiff to satisfy

7

the requirement does not deprive the Court of jurisdiction. Although true, *see Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1850 (2019) (holding that "Title VII's charge-filing requirement is not of jurisdictional cast"), it does not remedy the Peters' failure to satisfy statutory prefiling conditions. To be sure, the Court has jurisdiction to dismiss their Title II claim.

Likewise, the Peters' argument that § 2000a-6(a) precludes summary judgment is meritless. "[Section] 2000a-6(a) simply provides that one who, for example, has given notice to the appropriate state agency need not thereafter exhaust such remedy before the district court acquires jurisdiction." *Harris v. Ericson*, 457 F.2d 765, 767 (10th Cir. 1972). That statutory provision does not eliminate the presuit notice requirement, but simply allows a plaintiff to proceed with litigation instead of waiting until the state agency completes its process. *Cf.* § 2000a-3(c) (authorizing a court to "stay proceedings in [civil actions for injunctive relief under § 2000a-3(a)] pending the termination of State or local enforcement proceedings").

The Peters next contend that Cheval waived its non-exhaustion argument by failing to plead it with specificity in its answer. But the Eleventh Circuit requires more than mere abandonment before a defendant waives a defense—it also requires that the plaintiff suffer prejudice from the omission. *See Edwards v. Fulton Cty., Ga.*, 509 F. App'x 882, 887 (11th Cir. 2013) (per curiam) ("We have recognized, however, that a defendant does not waive

8

an affirmative defense if the earlier omission from responsive pleadings does not prejudice the plaintiff."). The central inquiry in determining prejudice is whether the plaintiff had notice of the defense before trial. *See Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988) ("When a plaintiff has notice that an affirmative defense will be raised at trial, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice."); *Edwards*, 509 F. App'x at 888. And the Eleventh Circuit has held that notice is sufficient where the party first raises the defense in a motion for summary judgment. *See Edwards*, 509 F. App'x at 888 (permitting a defense first raised in motion for summary judgment); *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1321 n.4 (11th Cir. 2006) (same); *Proctor v. Fluor Enterprises, Inc.*, 494 F.3d 1337, 1352 (11th Cir. 2007) (permitting a defense where the defendant conducted depositions related to the defense and raised it in its motion for summary judgment); *Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1077 (11th Cir. 2003) (permitting affirmative defenses first raised at pretrial conference where plaintiff first objected on appeal).

  The Peters allude to prejudice without developing that argument. But the Court will not articulate and then adjudicate arguments that the parties did not present. *See Resol. Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("[T]he the onus is upon the parties to formulate arguments . . . ."). But even if properly raised, they note only that "Cheval has attempted to waste the Court's and Plaintiffs' time and resources in discovery

9

and sat on a defense that it believed could have terminated the litigation until the very end." (Doc. 78 at 7.) As discussed above, the key factor in assessing prejudice from a late-raised affirmative defense is whether the plaintiff had sufficient notice before trial such as to suffer unfair surprise. *See Hassan*, 842 F.2d at 263. Here, Cheval filed its Motion for Summary Judgment on November 1, 2021, and trial in this case is currently scheduled for March 2022, four months later. Absent any explanation from the Peters, this notice suffices and adequately prevents unfair surprise. Further, because the Peters can refile their complaint seeking injunctive relief, there is no prejudice from any statute of limitations running on their Title II claim. *See Jackson v. Waffle House, Inc.*, 413 F. Supp. 2d 1338, 1362 (N.D. Ga. 2006) ("Because only equitable relief is available under § 2000a, courts have found that no statute of limitations applies to § 2000a claims."). Although the Peters seek punitive and special damages in addition to injunctive relief, a plaintiff bringing a Title II claim "cannot recover damages," so any statute of limitations for damages is irrelevant. *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968).

Next, the Peters contend that Cheval's Motion for Summary Judgment, if construed as a motion to dismiss, is untimely. The Peters note that, in the Eleventh Circuit, an exhaustion of remedies defense "should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant*, 530 F.3d at 1375 (quoting *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368–69 (9th Cir. 1988),

10

*overruled by Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (holding that courts should not treat exhaustion as an unenumerated Rule 12(b) motion)); *see also Tillery*, 402 F. App'x at 424 (extending *Bryant* to Title VII cases). Therefore, as the Peters' argument goes, the Court must deny Cheval's motion as an untimely motion to dismiss for failure to state a claim.

But the Court treats this motion as one similar to a motion under Rule 12(b)(1), not as one under Rule 12(b)(6) for failure to state a claim. The Eleventh Circuit instructs district courts to treat motions to dismiss based on failure to exhaust like a matter of jurisdiction in that the court does not adjudicate the merits and where district courts may consider facts beyond the pleadings to determine if the case may proceed. *See Bryant*, 530 F.3d at 1374–75 (directing courts to treat exhaustion arguments raised in summary judgments as motions to dismiss "[b]ecause exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits"). Here, the Court need not even resolve disputed issues of fact as to the precondition to filing suit, as it is undisputed that the Peters did not notify the Florida Commission prior to bringing this action. And, as discussed above, the Peters suffer no material prejudice from Cheval first raising this argument at this stage, after it filed its answer. *See, e.g., Edwards*, 509 F. App'x at 888 (permitting a defense first raised in motion for summary judgment).

11

And the motion would still be timely if Cheval's defense were labeled as a claims-processing rule instead of an exhaustion defense. Although the Eleventh Circuit described § 2000a-3(c) as an exhaustion requirement on one occasion, *see Strober*, 701 F. App'x at 913 n.3, the Supreme Court has noted that a comparable rule is not "in any sense an exhaustion provision." *Woodford v. Ngo*, 548 U.S. 81, 98 (2006). Instead, rules like § 2000a-3(c) are ordinarily considered "claim-processing rules." *See, e.g., Davis*, 139 S. Ct. at 1846, 1849 (labeling as such a requirement that a charge be filed with the EEOC "by or on behalf of a person claiming to be aggrieved within 180 days after the alleged unlawful employment practice occur[ed]" (internal quotation marks and quotations omitted)); *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 856 F.3d 1338, 1342 (11th Cir. 2017) (affirming dismissal without prejudice where a plaintiff failed to satisfy a precondition to suit), *aff'd,* 139 S. Ct. 881 (2019). *But see United States v. Johnson*, No. 20-13245, 2021 WL 3140306, at *2 (11th Cir. July 26, 2021) (describing an exhaustion requirement as a "a non-jurisdictional claim-processing rule"). Either termed exhaustion or claims-processing, § 2000a-3(c) requires a plaintiff notify the relevant state agency 30 days before commencing suit. *See Strober*, 701 F. App'x at 912 & n.3 (affirming dismissal because the plaintiff did not satisfy § 2000a-3(c)).

Finally, the Peters argue that they cured their failure by providing the proper Florida authorities notice of the alleged actions. Post-suit notice, though, is irrelevant to whether

12

the Peters satisfied § 2000a-3(c)'s pre-suit notice requirement. In interpreting 42 U.S.C. § 1997e(a), the Eleventh Circuit held that the statute's requirement that "[n]o action shall be brought . . . until such administrative remedies as are available are exhausted" means that a plaintiff cannot cure a failure to take required pre-filing action by taking such action after filing a complaint. *See Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (per curiam). The Court's reasoning hung on the word "brought," which means "the filing or commencement of a lawsuit not . . . its continuation." *Id.* (quotation omitted) (alteration in original). Likewise, § 2000a-3(c) states that "no civil action may be *brought*" until thirty days after a potential plaintiff notifies the required authorities. (emphasis added). Where a plaintiff purported to cure his failure to take required actions before a case may be "brought," the Eleventh Circuit held that he could not "cure the exhaustion defect" and affirmed dismissal. *Smith*, 491 F. App'x at 83–84. So too here.

### iii. Section 2000a-3(c) Conclusion

The Peters concede that they failed to exhaust their remedies, and Cheval did not waive its failure-to-exhaust defense because it raised exhaustion in its Motion for Summary Judgment. Nor have the Peters cured their failure through a post-filing notice, which cannot undo the lack of presuit notification to the Florida Commission. Because the Court does not reach the merits of the Peters' Title II claim, the Court dismisses that claim without prejudice. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1094 n. 7 (11th Cir. 1996);

*see also Bryant*, 530 F.3d at 1375 n.11 (noting that a dismissal for failure-to-exhaust is generally without prejudice when there is no indication that a plaintiff is purposely evading administrative remedies and when those remedies are still available); *Fourth Est. Pub. Benefit Corp.*, 856 F.3d at 1342 (affirming dismissal without prejudice where a plaintiff failed to satisfy a precondition to suit), *aff'd*, 139 S. Ct. at 881; *Truvillion v. King's Daughters Hosp.*, 614 F.2d 520, 524 (5th Cir. 1980) (concluding that presuit conditions under Title VII "do not touch the merits"); *Poor & Minority Just. Ass'n v. Chief Judge, Tenth Jud. Cir. Ct. of Fla.*, No. 8:19-cv-2889-T-02TGW, 2020 WL 3286140, at *3 (M.D. Fla. Mar. 27, 2020) (Jung, J.) (dismissing without prejudice a Title II claim that failed to satisfy § 2000a-3(c)).

### B. LKJ Management

The Peters' failure to notify the Florida Commission before commencing this action likely warrants dismissal of their Title II claim against LKJ for the same reasons it requires dismissal against Cheval. Although LKJ has not moved for summary judgment, it raised the relevant affirmative defense in its answer and the undisputed facts show that the Peters have failed to satisfy the statutory precondition to suit for either defendant (who are, at a minimum, in privity with each other and against whom the Peters allege the same underlying conduct). *See Bryant*, 530 F.3d at 1376 (concluding it was appropriate for a judge to "consider facts outside of the pleadings" where "the parties have sufficient

14

opportunity to develop a record"); *Tillery*, 402 F. App'x at 424 (affirming the district court acting as factfinder because the plaintiff "clearly had sufficient opportunity to develop, and did develop, a record"). The Court therefore directs the parties to file supplemental briefs explaining why the Court should not likewise dismiss the Title II claim against LKJ. *See Tillery*, 402 F. App'x at at 423, 425 (affirming that the district court properly followed *Bryant* when it directed the plaintiff to provide additional evidence showing she exhausted her administrative remedies).

## IV.  CONCLUSION

Cheval moves for partial summary judgment and the Court, treating the Motion as a Motion to Dismiss, grants-in-part and defers ruling on the Peters' Florida law claims. The Court also directs LKJ and the Peters to brief why it should not dismiss the Title II claim against LKJ.

Accordingly, the following is **ORDERED:**

1. The Court **GRANTS** Cheval's motion for summary judgment, construed as a motion to dismiss, on the Peters' Title II claim (Count I). (Doc. 75.)

2. The Court **DISMISSES WITHOUT PREJUDICE** the Peters' Title II claim (Count I) as to Cheval.

3. The Court directs the Peters and LKJ Management, LLC, to brief why the Court should not dismiss the Title II claim against LKJ. Each party's

15

supplemental brief must not exceed **10 pages** and is due no later than **January 14, 2021**.

**ORDERED** in Tampa, Florida, on January 7, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge